1  RONALD D. ARENA, Bar No. 218421
   CONOR D. MACK, Bar No. 253878
2  ARENA HOFFMAN LLP
   44 Montgomery Street, Suite 3520
3  San Francisco, CA  94104-4828
   Telephone:  415.433.1414
4  Facsimile:  415.520.0446
   Email:     rarena@arenahoffman.com
5             cmack@arenahoffman.com

6  Attorneys for Plaintiff
   DRONE USA, INC.
7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11 DRONE USA, INC.,                      Case No.

12            Plaintiff,                 **COMPLAINT FOR INJUNCTIVE**
                                         **RELIEF AND DAMAGES FOR:**
13       v.                              **(1) VIOLATION OF THE DEFEND**
                                         **TRADE SECRETS ACT OF 2016;**
14 PAULO FERRO, an individual,           **(2) VIOLATION OF THE**
                                         **CALIFORNIA UNIFORM TRADE**
15            Defendant.                 **SECRETS ACT; (3) BREACH OF**
                                         **CONTRACT; (4) BREACH OF THE**
16                                       **DUTY OF GOOD FAITH AND FAIR**
                                         **DEALING; (5) UNFAIR BUSINESS**
17                                       **PRACTICES IN VIOLATION OF**
                                         **THE CALIFORNIA BUSINESS &**
18                                       **PROFESSIONS CODE SECTION**
                                         **17200,** *ET SEQ.*
19

20

21

22

23                                       **DEMAND FOR JURY TRIAL**

24

25

26

27

28

COMPLAINT

Plaintiff DRONE USA, INC. ("Drone USA," the "Company," or "Plaintiff") alleges as follows for its Complaint against Defendant PAULO FERRO ("Ferro," "Defendant," or "Defendant Ferro") for violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.* ("DTSA"); for violation of the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, *et seq.* ("UTSA"); for breach of contract; for breach of the covenant of good faith and fair dealing, and for violation of the California Business & Professions Code, § 17200, *et seq*.

## PARTIES

1.     Plaintiff Drone USA is a Delaware corporation with its principal place of business in New York City, New York, its headquarters.  Plaintiff sells military grade drones to law enforcement, governmental agencies, and other institutions internationally.

2.     Defendant is a former Chief Strategy Officer for Plaintiff hired in July 2016.  At all times relevant to this action, Defendant resided and worked in Los Angeles County, California.

## JURISDICTION AND VENUE

3.     This Court has original subject matter jurisdiction of this action pursuant to the DTSA, 18 U.S.C. § 1836(c), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the other claims asserted herein pursuant to 28 U.S.C. § 1367.

4.     Venue is proper.  Defendant resides in Los Angeles County. Plaintiff does business in Los Angeles County.  The contract at issue in this action was entered into in Los Angeles County.  Plaintiff alleges upon information and belief that many or all of the acts, occurrences, or omissions as alleged herein occurred in Los Angeles County.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

5.     Drone USA, the Plaintiff in this action, is in the business of manufacturing, marketing, and selling military grade drones and services to a wide

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4828
415.433.1414

COMPLAINT                                          2.

range of law enforcement agencies and government and institutional customers worldwide. Defendant Ferro is a former Chief Strategy Officer for Plaintiff. As Chief Strategy Officer, Ferro's primary job responsibility was to sell Plaintiff's drones to foreign governments and entities. Ferro promised before he was hired that he would be able to sell Plaintiff's products to various governments and governmental organizations throughout the world and stated that he had contacts with at least 40 foreign governments and entities that would belong to and become customers of Drone USA if he was hired. Defendant assured Plaintiff that he would call on all of his international contacts and develop new relationships in an effort to sell Plaintiff's drones. In reliance on these promises, Drone USA hired Defendant at a salary of $400,000 per year. The parties entered into an Employment Agreement effective July 10, 2016 (the "Agreement").

6.     During the first year of employment, Defendant failed to make a single sale. Plaintiff repeatedly asked Defendant about the status of his sales and his sales efforts, but Defendant would be vague and evasive in response. Defendant confided to at least one Company representative that he considered himself to be on a "three-year vacation" while working for the Company, a reference to the three year term of his Agreement, subject to dismissal for cause.

7.     Finally, in late June 2017, the Company demanded to know the identity of and details related to certain customers Defendant claimed to be working with in order to sell Plaintiff's drones. In response, Defendant refused to disclose the identity of these customers, claiming that they belonged to him and not to the Company. Defendant's response was extremely troubling, not only because it breached his pre-employment promises to the Company and called into question whether Defendant was in fact performing any services for Plaintiff, but also because it was in direct breach of his Agreement and his duty of loyalty to the Company. Pursuant to Defendant's pre-employment promises and his Agreement, all customer contacts with foreign governments and entities on whom Defendant called, or on

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104-4828
415.433.1414

COMPLAINT                                     3.

1   whom Defendant promised he would call, constituted the Company's confidential and

2   proprietary information.  Defendant either called on these customers or was supposed

3   to and lied about doing so.  In either case, pursuant to the Agreement and Defendant's

4   representations and duties to the Company, the customers belonged to Plaintiff and

5   Defendant's refusal to disclose them and assertion that they were his breached his

6   Agreement and his duties of loyalty to the Company.

7           8.    On July 7, 2017, Plaintiff terminated Defendant's employment for

8   cause.  On July 8, 2017, Plaintiff sent a letter to Defendant by email demanding that

9   Defendant disclose and return the aforementioned customer information and other

10  Company property by the close of business on Monday, July 10, 2017.  Plaintiff also

11  demanded that Defendant confirm that the customers in question belonged to Plaintiff.

12  Defendant responded with a letter from counsel.  The letter did not disclose the

13  customers Plaintiff had asked about first in June and again on July 8.  Plaintiff sent

14  another letter on July 10 giving Defendant until the close of business on July 11 to

15  disclose the customers Defendant had been asked about in June and all other

16  customers Defendant possessed belonging to Plaintiff and confirm that he would not

17  use or disclose this information.  Defendant's response again did not include any

18  information about Plaintiff's customers and did not contain any assurance that these

19  customers belonged to Plaintiff or that Defendant would not use or disclose this

20  information.   Because Defendant has refused to disclose and return Plaintiff's

21  customer information and continues to possess this information, under the mistaken

22  belief that these customers are his own and not the Plaintiff's, this action has become

23  necessary.

24          9.    Plaintiff brings this action to enjoin Defendant from any further

25  use or disclosure of Drone USA's confidential and proprietary information, to prevent

26  Defendant from using its confidential and proprietary information to damage its

27  relationships with its customers, to compel Defendant to return all electronic and

28

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4828
415.433.1414

COMPLAINT                                                    4.

paper copies of documents containing confidential Drone USA information in his possession, custody or control, and to obtain an award of damages, penalties, and fees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE DEFEND TRADE SECRETS ACT OF 2016
### (18 U.S.C. § 1836, *ET SEQ.*)

10.    The allegations of paragraphs 1 through 9, inclusive, are incorporated herein by reference as if set forth fully below.

11.    Plaintiff owned and possessed certain nonpublic, confidential, proprietary and trade secret information, including a list of active and prospective customers, their contact information, and other information related to the customers.

12.    Plaintiff made reasonable effort and took reasonable steps in order to keep secret the information, including by having its employees sign agreements to maintain the confidentiality of the information.

13.    This confidential, proprietary, and trade secret information involves and relates to products and services used, sold, shipped and ordered in, or intended to be used, sold, shipped and/or ordered in, interstate or foreign commerce. The customer unlawfully stolen by Defendant contains the names, addresses, and other information related to Plaintiff's customers worldwide.

14.    This confidential, proprietary, and trade secret information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by another person who could obtain economic value from the disclosure or use of the information.

15.    In violation of Plaintiff's rights, Defendant misappropriated the confidential, proprietary and trade secret information in the improper and unlawful manner as alleged herein.

16.    Defendant's misappropriation of the confidential, proprietary, and trade secret information was intentional, knowing, willful, malicious, fraudulent, and oppressive.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4828
415.433.1414

COMPLAINT                                             5.

17.     Defendant has failed to return Plaintiff's confidential and trade secret information.   On information and belief, if Defendant's conduct is not remedied, and if Defendant is not enjoined, Defendant will continue to disclose, and use for his own benefit and to Plaintiff's detriment, Plaintiff's trade secret information.

18.     As the direct and proximate result of Defendant's conduct, Plaintiff has suffered and, if Defendant's conduct is not stopped, will continue to suffer, irreparable injury and significant damages, in an amount to be proven at trial.

19.     Because Plaintiff's remedy at law is inadequate, Plaintiff seeks, in addition to damages, preliminary, and permanent injunctive relief to recover and protect its confidential, proprietary, and trade secret information and other legitimate business interests.   Plaintiff's business is reliant on its business reputation and its ability to maintain and grow its client base in a competitive market and will continue suffering irreparable harm absent injunctive relief.

20.     Plaintiff has a substantial likelihood of success on the merits because of Defendant's blatant, willful, knowing, malicious, and/or reckless misappropriation and use of trade secrets through the improper and unlawful methods, as alleged herein.

21.     Defendant's acts were malicious, fraudulent, and oppressive, and were done with conscious disregard of Plaintiff's rights in that Defendant misappropriated Plaintiff's trade secret information intentionally and knowingly and with a deliberate intent to benefit himself and injure Plaintiff's business.   Plaintiff is entitled to its damages, in an amount to be determined at trial, as well as injunctive relief, royalties, and an award of statutory exemplary damages pursuant to 18 U.S.C. §§ 1836(b), *et seq.*, and attorney's fees.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4828
415.433.1414

COMPLAINT                                              6.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA UNIFORM TRADE SECRETS ACT**

**(CAL. CIV. CODE § 3426, *ET SEQ.*)**

22.    The allegations of paragraphs 1 through 21, inclusive, are incorporated herein by reference as if set forth fully below.

23.    Plaintiff owned and possessed certain nonpublic, confidential, proprietary and trade secret information, including a list of active and prospective customers, their contact information, and other information related to the customers.

24.    Plaintiff made reasonable effort and took reasonable steps in order to keep secret the information, including by having its employees sign agreements to maintain the confidentiality of the information.

25.    This confidential, proprietary, and trade secret information involves and relates to products and services used, sold, shipped and ordered in, or intended to be used, sold, shipped and/or ordered in, interstate or foreign commerce. The customer list unlawfully stolen by Defendant contains the names, addresses, and other information related to Plaintiff's customers worldwide.

26.    This confidential, proprietary, and trade secret information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by another person who could obtain economic value from the disclosure or use of the information.

27.    In violation of Plaintiff's rights, Defendant misappropriated the confidential, proprietary and trade secret information in the improper and unlawful manner as alleged herein.

28.    Defendant's misappropriation of the confidential, proprietary, and trade secret information was intentional, knowing, willful, malicious, fraudulent, and oppressive.

29.    Defendant has failed to return Plaintiff's confidential and trade secret information.    On information and belief, if Defendant's conduct is not

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4828
415.433.1414

COMPLAINT                                        7.

1   remedied, and if Defendant is not enjoined, Defendant will continue to disclose, and
2   use for his own benefit and to Plaintiff's detriment, Plaintiff's trade secret
3   information.

4          30.    As the direct and proximate result of Defendant's conduct, Plaintiff
5   has suffered and, if Defendant's conduct is not stopped, will continue to suffer,
6   irreparable injury and significant damages, in an amount to be proven at trial.

7          31.    Because Plaintiff's remedy at law is inadequate, Plaintiff seeks, in
8   addition to damages, preliminary, and permanent injunctive relief to recover and
9   protect its confidential, proprietary, and trade secret information and other legitimate
10  business interests.  Plaintiff's business is reliant on its business reputation and its
11  ability to maintain and grow its client base in a competitive market and will continue
12  suffering irreparable harm absent injunctive relief.

13         32.    Plaintiff has a substantial likelihood of success on the merits
14  because of Defendant's blatant, willful, knowing, malicious, and/or reckless
15  misappropriation and use of trade secrets through the improper and unlawful methods,
16  as alleged herein.

17         33.    Defendant's acts were malicious, fraudulent, and oppressive, and
18  were done with conscious disregard of Plaintiff's rights, all within the meaning of
19  California Civil Code Section 3294, in that Defendant misappropriated Plaintiff's
20  trade secret information intentionally and knowingly and with a deliberate intent to
21  benefit himself and injure Plaintiff's business.  Plaintiff is entitled to its damages, in
22  an amount to be determined at trial, as well as injunctive relief, royalties, and an
23  award of exemplary damages under Cal. Civ. Code § 3426.3(c), and punitive damages
24  and attorney's fees pursuant to California Civil Code Sections 3426.3(c) and 3426.4.

25                        **THIRD CAUSE OF ACTION**
26                        **BREACH OF CONTRACT**

27         34.    The allegations of paragraphs 1 through 33, inclusive, are
28  incorporated herein by reference as if set forth fully below.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4828
415.433.1414

COMPLAINT                                    8.

35.    Defendant entered into an Agreement that he would hold in strictest confidence and use only for the benefit of the Company certain confidential information.  Such confidential information included Plaintiff's customers, defined to include customers Defendant called on in connection with his employment with Plaintiff.  Defendant's refusal to disclose this customer information, and assertion that the customer information belonged to him and not the Company, and refusal to disclose and return this information following his termination breached express terms of his Agreement.  Defendant's conduct as described herein also constituted a breach of the implied covenant of good faith and fair dealing.  Defendant also fraudulently accepted compensation from Plaintiff on the false pretense that he would be loyal to his employer and not steal and keep for himself the Company's customer information.

36.    Plaintiff has suffered, and will continue to suffer, irreparable harm as a result of Defendant's breaches of contract.  Plaintiff has also suffered monetary damages in an amount to be proven at trial because of Defendant's breach.

## FOURTH CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

37.    The allegations of paragraphs 1 through 36, inclusive, are incorporated herein by reference as if set forth fully below.

38.    Defendant entered into an Agreement that he would hold in strictest confidence and use only for the benefit of the Company certain confidential information.  Such confidential information included Plaintiff's customers, defined to include customers Defendant called on in connection with his employment with Plaintiff.  Defendant's refusal to disclose this customer information, and assertion that the customer information belonged to him and not the Company, and refusal to disclose and return this information following his termination breached express terms of his Agreement.  Defendant's acceptance of his salary and other employment benefits while blatantly breaching his duties of loyalty to the Company constituted a

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4828
415.433.1414

COMPLAINT                            9.

1   breach of the implied covenant of good faith and fair dealing.   Defendant also

2   fraudulently accepted compensation from Plaintiff on the false pretense that he would

3   be loyal to his employer and not steal and keep for himself the Company's customer

4   information.

5          39.   Plaintiff has suffered, and will continue to suffer, irreparable harm

6   as a result of Defendant's conduct.  Plaintiff has also suffered monetary damages in an

7   amount to be proven at trial because of Defendant's breach.

8   **FIFTH CAUSE OF ACTION**

9   **UNFAIR COMPETITION**

10   **(CALIF. BUS. & PROF. CODE §§ 17200 *ET SEQ.*)**

11          40.   The allegations of Paragraphs 1 through 39, inclusive, are

12   incorporated herein by reference as if set forth fully below.

13          41.   By engaging in the conduct alleged above, Defendant has engaged

14   in unfair competition, including unlawful and unfair business practices, in violation of

15   California Business & Professions Code sections 17200 *et seq*.   Defendant has

16   engaged in unfair competition by (a) violating California law, (b) breaching legal

17   obligations to maintain the confidentiality of Drone USA's customer and potential

18   customer information, and (c) using Drone USA's information unfairly to compete.

19          42.   Defendant's conduct as alleged above has caused Plaintiff to suffer

20   monetary and irreparable harm, and Plaintiff will continue to suffer irreparable harm

21   and loss in the future.

22          43.   Plaintiff has no adequate remedy at law.

23   **PRAYER FOR RELIEF**

24          WHEREFORE, Plaintiff Drone USA demands judgment against

25   Defendant as follows:

26

27

28

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4828
415.433.1414

COMPLAINT

10.

1

2

3

## FIRST CAUSE OF ACTION

## VIOLATION OF THE DEFEND TRADE SECRETS ACT OF 2016

## (18 U.S.C. § 1836, *ET SEQ.*)

4         1.    In accordance with applicable law, including 18 U.S.C. § 1835,

5   awarding Plaintiff injunctive relief against Defendant as follows: (a) ordering

6   Defendant to immediately return all copies of Plaintiff's electronic files and paper

7   copies containing Plaintiff's customer and potential customer information, or other

8   Confidential Information in his possession; (b) ordering the permanent removal,

9   deletion and destruction of all copies of Plaintiff's electronic files and paper copies

10  containing Plaintiff's customer and potential customer information, or other

11  Confidential Information in Defendant's possession, subject to the supervision of

12  Drone USA so as to preserve evidence of all such files or information; (c) enjoining

13  Defendant from using, copying or disclosing any information relating to Plaintiff that

14  is not generally known to the public; and (d) ordering such other injunctive relief as

15  the Court deems appropriate.

16        2.    Awarding Plaintiff restitution in an amount to be determined at

17  trial.

18        3.    Awarding Plaintiff disgorgement in an amount to be determined at

19  trial.

20        4.    Awarding Plaintiff royalties in an amount to be determined at trial.

21        5.    Awarding Plaintiff compensatory damages in an amount to be

22  determined at trial.

23        6.    Awarding Plaintiff exemplary damages pursuant to 18 U.S.C. §

24  1836(b), *et seq.*

25        7.    Awarding Plaintiff penalties pursuant to 18 U.S.C. § 1832.

26        8.    Awarding Plaintiff attorneys' fees, costs, and interest.

27        9.    Awarding Plaintiff such other relief as the Court deems

28  appropriate.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4828
415.433.1414

COMPLAINT

## SECOND CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA UNIFORM TRADE SECRETS ACT

## (CAL. CIV. CODE § 3426, *ET SEQ.*)

1. In accordance with applicable law, including Cal. Civil Code § 3426.2, awarding Plaintiff injunctive relief against Defendant as follows:  (a) ordering Defendant to immediately return all copies of Plaintiff's electronic files and paper copies containing Plaintiff's customer and potential customer information, or other Confidential Information in his possession; (b) ordering the permanent removal, deletion and destruction of all copies of Plaintiff's electronic files and paper copies containing Plaintiff's customer and potential customer information, or other Confidential Information in Defendant's possession, subject to the supervision of Drone USA so as to preserve evidence of all such files or information; (c) enjoining Defendant from using, copying or disclosing any information relating to Plaintiff that is not generally known to the public; and (d) ordering such other injunctive relief as the Court deems appropriate.

2. Awarding Plaintiff restitution in an amount to be determined at trial, pursuant to applicable law, including Cal. Civil Code § 3426.3(a).

3. Awarding Plaintiff compensatory damages in an amount to be determined at trial, pursuant to applicable law, including Cal. Civil Code § 3426.3(a).

4. Awarding Plaintiff disgorgement in an amount to be determined at trial, pursuant to applicable law, including Cal. Civil Code § 3426.3(a).

5. Awarding Plaintiff royalties in an amount to be determined at trial, pursuant to applicable law, including Cal. Civil Code § 3426.3(b).

6. Awarding Plaintiff exemplary damages in an amount not more than two times the amount of damages awarded hereunder, pursuant to applicable law, including Cal. Civil Code § 3426.3(c).

7. Awarding Plaintiff attorneys' fees, costs, and interest, pursuant to applicable law, including Cal. Civil Code § 3426.4.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4828
415.433.1414

COMPLAINT                                          12.

8.     Awarding Plaintiff such other relief as the Court deems appropriate.

### THIRD CAUSE OF ACTION

### BREACH OF CONTRACT

1.     Awarding Plaintiff compensatory damages in an amount to be determined at trial.

2.     Awarding Plaintiff such other relief as the Court deems appropriate.

### FOURTH CAUSE OF ACTION

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1.     Awarding Plaintiff compensatory damages in an amount to be determined at trial.

2.     Awarding Plaintiff such other relief as the Court deems appropriate.

### FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (CALIF. BUS. & PROF. CODE § 17200 *ET SEQ.*)

1.     In accordance with applicable law, including Business & Professions Code §§ 17203, *et seq.*, awarding Plaintiff injunctive relief against Defendant as follows:  (a) ordering Defendant to immediately return all copies of Plaintiff's electronic files and paper copies containing Plaintiff's customer and potential customer information, or other Confidential Information in his possession; (b) ordering the permanent removal, deletion and destruction of all copies of Plaintiff's electronic files and paper copies containing Plaintiff's customer and potential customer information, or other Confidential Information in Defendant's possession, subject to the supervision of Drone USA so as to preserve evidence of all such files or information; (c) enjoining Defendant from using, copying or disclosing

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4828
415.433.1414

COMPLAINT                                    13.

1   any information relating to Plaintiff that is not generally known to the public; and (d)

2   ordering such other injunctive relief as the Court deems appropriate.

3       2.    Awarding Plaintiff restitution in an amount to be determined at

4   trial.

5       3.    Awarding Plaintiff such other relief as the Court deems

6   appropriate.

7   Dated:  July 12, 2017

8                           */s/  Ronald D. Arena*
                            RONALD D. ARENA
9                           ARENA HOFFMAN LLP
                            Attorneys for Plaintiff
10                          DRONE USA, INC.

11

12              **DEMAND FOR JURY TRIAL**

13       Plaintiff Drone USA hereby demands a jury trial on those issues triable

14   by a jury.

15   Dated:  July 12, 2017

16                           */s/  Ronald D. Arena*
                            RONALD D. ARENA
17                          ARENA HOFFMAN LLP
                            Attorneys for Plaintiff
18                          DRONE USA, INC.

19

20

21

22

23

24

25

26

27

28

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4828
415.433.1414

COMPLAINT                                14.