RONALD D. ARENA, Bar No. 218421
CONOR D. MACK, Bar No. 253878
ARENA HOFFMAN LLP
44 Montgomery Street, Suite 3520
San Francisco, CA 94104-4828
Telephone: 415.433.1414
Facsimile: 415.520.0446
Email:     rarena@arenahoffman.com
           cmack@arenahoffman.com

Attorneys for Plaintiff and Counterdefendant
DRONE USA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DRONE USA, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>PAULO FERRO, an individual,<br><br>   Defendant.<br><br>PAULO FERRO, an individual,<br><br>   Counterclaimant,<br><br>v.<br><br>DRONE USA, INC., a Delaware corporation, MICHAEL BANNON, an individual, and TCA GLOBAL CREDIT MASTER FUND, LP, a Cayman Islands Limited Partnership,<br><br>   Counterdefendants. | Case No. 2:17-cv-05124-DMG-SK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DRONE USA, INC.'S MOTION TO DISMISS COUNTERCLAIM FOR FAILURE TO JOIN AN INDISPENSABLE PARTY, OR, IN THE ALTERNATIVE TO COMPEL JOINDER OF NECESSARY PARTY DENNIS ANTONELES**<br><br>[Fed. R. Civ. Pro. §§12(b)(7), 19(a)-(b)]<br><br>Date:       December 15, 2017<br>Time:       9:30 a.m.<br>Courtroom:  C, 8th Floor<br>Location:   U.S. District Court<br>            Central Dist. of California<br>            350 West 1st Street<br>            Los Angeles, CA 90012<br><br>Judge:      Hon. Dolly M. Gee<br><br>Complaint Filed: July 12, 2017 |

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4828
415.433.1414

MEMO. IN SUPPORT OF MOTION TO
DISMISS FOR FAILURE TO JOIN

Case No. 2:17-cv-05124-DMG-SK

Plaintiff and Counterdefendant Drone USA Inc., ("Plaintiff" or "Drone") submit the following Memorandum of Points and Authorities in support of its Motion to Dismiss Counterclaim for Failure To Join An Indispensable Party, or, in the alternative, to Compel Joinder of Necessary Party Dennis Antoneles (the "Motion").

## I.  INTRODUCTION AND SUMMARY OF ARGUMENT

This motion has become necessary because Defendant and Counterclaimant Paulo Ferro ("Ferro" or "Defendant") failed to include a necessary party. This action seeks, in large part, to enforce the entirety of a guarantee as to one party, when the guarantee specifies that another party is responsible for half the guarantee. Indeed, Defendant and Counterclaimant Paulo Ferro ("Ferro" or "Defendant") alleges that Counterdefendant Michael Bannon ("Bannon") guaranteed the obligations of his employment agreement with Drone USA. He seeks to enforce the guarantee and recover wages and penalties associated with the guarantee. However, Bannon is just one of two guarantors of the agreement. Unnamed party Dennis Antoneles ("Antoneles") also agreed to guarantee 50% of Drone's obligations. Although neither Bannon nor Antoneles is a party to the underlying agreement between Drone and Ferro, they each agreed to guarantee 50% of Drone's financial obligations. Yet Ferro seeks to recover the full amount, not 50% pursuant to the guarantee, from Bannon alone. Accordingly, the Court cannot afford complete relief on Ferro's wage and guarantee claims without the presence of Antoneles. The Counterclaim cannot fully and finally resolve the dispute among the parties without the presence of Antoneles. Additionally, it would severely prejudice Bannon to subject solely him to potential liability for the portion of the guarantee which is owed by Antoneles. But, the Court does not have personal jurisdiction over Antoneles. Consequently, Ferro's Counterclaim must be dismissed. Alternatively, if the Court determines that it does have jurisdiction over Antoneles, he must be joined as a counterdefendant.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4828
415.433.1414

MEMO. IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO JOIN    2.    Case No. 2:17-cv-05124-DMG-SK

## II. LEGAL STANDARD

Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(7) authorizes a motion to dismiss an action for failure to join a party in accordance with FRCP 19. Rule 12(b)(7) permits a motion to dismiss when there is an absent person without whom complete relief cannot be granted or whose interest in the dispute is such that to proceed in that person's absence might prejudice that individual or entity or the parties already before the court.

FRCP 19 involves "joinder of persons needed for just adjudication." FRCP 19(a) requires joinder of persons traditionally denominated as "necessary;" while FRCP 19(b) requires joinder of those traditionally denominated as "indispensable," which must meet a higher standard than "necessary." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. ENC Corp.*, 464 F. 3d 885, 891 (9th Cir. 2006). "Necessary" refers to a party who should be joined, if feasible. "Indispensable" refers to a party whose participation is so important to resolution of the case that, if not joined, the suit must be dismissed. *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F. 3d 861, 867, fn. 5 (9th Cir. 2004).

The primary purpose of Rule 19(a) is to assure that any judgment rendered by the Court will provide complete relief to the existing parties and prevent repeated lawsuits on the same subject matter. *Smith v. United Brotherhood of Carpenters*, 685 F. 2d 164 (6th Cir. 1982); *Askew v. Sheriff of Cook County, Ill.*, 568 F. 3d 632, 634 (7th Cir. 2009).

Ferro is required to join any person whose interests are such that, in his, her or its absence, complete relief cannot be accorded among those already parties (FRCP 19(a)(1)(A)); or who claim an interest relating to the subject matter of the action and whose absence may, as a practical matter, impair or impede the absent person's ability to protect that interest; or leave any of the existing parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4828
415.433.1414

MEMO. IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO JOIN    3.    Case No. 2:17-cv-05124-DMG-SK

FRCP 19(a)(1)(B); *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110-111, 88 S.Ct. 733, 738-739 (1968); *United States v. Bowen*, 172 F. 3d 682, 688 (9th Cir. 1999).

The common ground for ordering joinder is potential prejudice to the interests of the parties—both existing parties and those sought to be joined. *See*, *Aguilar v. Los Angeles County* 751 F. 2d 1089, 1094 (9th Cir. 1985).

### A.  Factors Determining Why An Absent Party Should Be Joined.

In deciding whether an absent party should be joined, the Court must consider three questions:  (1) is there a valid reason why the absent party should be joined" (FRCP 19(a)); (2) if a valid reason for joinder exists, the court must determine whether it is feasible to order the absent person joined as a party; and, (3) if it is not feasible to join the absent party, may the action "in equity and in good conscience" proceed in the absence of that party (the absent party thus regarded as "necessary" but not indispensable), or must the action be dismissed" FRCP 19(b); *See Pit River Home & Agric. Co-op Ass'n v. United States*, 30 F. 3d 1088, 1098 (9th Cir. 1994).  Joinder is not "feasible" where:  (1) the absent party is not subject to service of process, or, (2) joinder would deprive the court of jurisdiction over the subject matter.  *E.E.O.C. v. Peabody Western Coal Co.*, 610 F. 3d 1070, 1078 (9th Cir. 2010).

### B.  Considerations To Determine Whether A Party Is Indispensable.

Whether an absent party is indispensable is a "pragmatic and equitable judgment, not a jurisdictional one."  *Gonzalez v. Metropolitan Transp. Authority*, 174 F. 3d 1016, 1019 (9th Cir. 1999).  The factors to be considered by the court include: (1) the extent to which its judgment may prejudice the absent party or the parties already before the court; (2) the extent to which such prejudice may be lessened or avoided by protective provisions in the judgment, or other measures; (3) whether a judgment rendered in such person's absence will provide an adequate remedy to the parties before the court; and, (4) whether, if the action is dismissed for non-joinder,

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4828
415.433.1414

MEMO. IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO JOIN    4.    Case No. 2:17-cv-05124-DMG-SK

plaintiff will have an adequate remedy elsewhere. FRCP 19(b); *E.E.O.C. v. Peabody*, *supra*, 610 F. at 1083.

### C. Whether Action Can Proceed Without Absent Party "In Equity And Good Gonscience".

In determining "in equity and good conscience," the Court must balance the interests involved; *i.e.*, to determine whether "in equity and good conscience" the action should continue in the party's absence. *Provident Tradesmens Bank & Trust Co.*, *supra*, 390 U.S. at 108; *E.E.O.C. v. Peabody*, *supra*, 610 F. 3d at 1083 ("heart of this inquiry is the question of 'equity and good conscience'").

At least four "interests" need to be considered in reaching a decision: "(1) the plaintiff's interest in having a forum; (2) the defendant's interest in not proceeding without the required party; (3) the interest of the non-party by examining 'the extent to which the judgment may as a practical matter impair or impede [its] ability to protect [its] interest in the matter'; and (4) the interests of the courts and the public in 'complete, consistent, and efficient settlement of controversies.'" *Paiute-Shoshone Indians of Bishop Community of Bishop Colony, Calif. v. City of Los Angeles*, 637 F. 3d 993, 1000 (9th Cir. 2011) (brackets in original).

### D. Whether Existing Parties Will Be Prejudiced.

Prejudice to the existing parties if the action proceeds without the absent party is usually seen as the desire to avoid multiple litigation, inconsistent relief or being held solely responsible for liability shared with another. *Provident Tradesmens Bank & Trust Co.*, *supra*, 390 U.S. at 110.

However, there are other cognizable interests a defendant might have in not wanting to proceed in the absence of a non-joinable party. This includes the counterdefendant's inability to put on a full defense without the absent party which is a factor weighing against proceeding without said party. *Paiute-Shoshone Indians of Bishop Community of Bishop Colony, Calif.*, *supra*, 637 F. 3d at 1001.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4828
415.433.1414

MEMO. IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO JOIN     5.     Case No. 2:17-cv-05124-DMG-SK

### III.   ARGUMENT

#### A.   Counterclaimant Ferro Has Failed To Name An Indispensable Party.

Ferro's Counterclaim includes claims against Bannon for failure to pay wages as well as a for Breach of Guaranty.  However, both Bannon and non-party Antoneles guaranteed the agreement between Ferro and Drone USA.  (*See*, Decl. of Bannon, Exh. A at ¶ 12).  The guarantee provides "Mike and Dennis will share the personal guarantee 50-50."  As demonstrated below, for this Court to grant complete relief on the Counterclaim, Antoneles is, as a matter of law, a necessary and indispensable party.

Pursuant to the terms of the guarantee, Antoneles agreed to "perform any and all obligations listed" in the agreement, including paying any wages owed to Ferro.  Ferro alleges the amount of wages he was owed but not paid was $900,000.  Accordingly, pursuant to the terms of the guarantee, both Bannon and Antoneles would be obligated to pay 50% of the money allegedly owed to Ferro, *i.e.*, $450,000.  Yet in Ferro's Breach of Guarantee claim is asserted against Bannon only.  Indeed, it seeks the entire $900,000 from Bannon alone.

Ferro's failure to name Antoneles will severely prejudice Bannon by subjecting solely him to potential liability for a guarantee that he shares equally with Antoneles.  *Provident Tradesmens Bank & Trust Co.*, *supra*, 390 U.S. at 110.  The cases finding that guarantors are not indispensable parties are inapposite because they all involve joint and several liability, unlike here, where Bannon and Antoneles both guaranteed 50% of the obligations owed to Ferro.  *See*, *e.g.*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 838, 109 S. Ct. 2218, 2226, 104 L. Ed. 2d 893 (1989)[1] ("given that all of the guarantors (including Bettison) are jointly and severally liable, it cannot be argued that Bettison was indispensable to the suit."); *accord*, *Freeman v.*

---

[1]   Most of these cases are further distinguishable because they do not involve actions for Breach of Guarantee.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4828
415.433.1414

MEMO. IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO JOIN        6.        Case No. 2:17-cv-05124-DMG-SK

*Liu*, 112 F.R.D. 35, 41 (N.D. Ill. 1986) ("joint obligors to a contract are generally not considered indispensable, since their liability is usually joint and several.")  Unlike those cases, it is precisely because Bannon and Antoneles each guaranteed 50% of Drone USA's obligations (rather than being co-guarantors who are jointly and severally liable for the entire obligation), that the Counterclaim Ferro cannot be afforded complete relief on his wage and Breach of Guarantee claims.  Worse, if Ferro were to prevail on his claim, Bannon would be held liable for Antoneles' obligations that are distinct and separate from his own.

The obligation here is similar to the one in *U.S. v. Elfer*, 246 F. 2d 941 (9th Cir. 1957), where the Ninth Circuit affirmed the dismissal of the government's case for failure to join an indispensable party.  In *Elfer*, the government paid an allowance to a Navy Boatswain as well as his spouse at the time.  *Id*. at 942-943.  However, the allowance was only to be paid to either the service member or his dependent, not both of them.  *Id*. at 942.  The government sued the wife to recover the debt, but not the husband.  *Id*. at 943.  The couple was no longer married at the time of suit.  *Id*.  The district court found, and the Ninth Circuit affirmed, that the allowance was a community asset and that the former spouses owed the debt jointly, but not severally, and concluded that "[j]oint obligors are indispensable parties.  *Id*. at 945-946.  Even though the court had jurisdiction over the husband, the court dismissed the action due to the government's failure to join him.  *Id*. at 946.

Just like the husband in *Elfer*, Antoneles is an indispensable party because the Court cannot grant Ferro complete relief on his wage and Breach of Guarantee claims without Antoneles.  If the Court were to proceed without Antoneles, Bannon alone would be subjected to liability he shares with Antoneles.  The risk of a judgment against Bannon in an amount of $900,000 (or more) would include $450,000 owed by Antoneles alone.  This Court cannot, in equity and good conscience, allow Bannon to be subject to such a judgment without the joinder of

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4828
415.433.1414

MEMO. IN SUPPORT OF MOTION TO
DISMISS FOR FAILURE TO JOIN                    7.                    Case No. 2:17-cv-05124-DMG-SK

1  Antoneles. FRCP 19(b); *Pit River Home & Agric. Co-op Ass'n, supra*, 30 F. 3d at
2  1098.

3      **B.    This Court Does Not Have Personal Jurisdiction Over Antoneles.**

4      Antoneles resides in New York, New York. (Bannon Decl. at 2). He
5  does not own property or conduct business in California. *Id*. Accordingly, Antoneles
6  does not have sufficient contact with California so as to give this Court personal
7  jurisdiction over him. Therefore, it is not feasible for Antoneles, an indispensible
8  party to this Action, to be joined and thus, as discussed herein below, this Action must
9  be dismissed, as a matter of law. FRCP 19 *et. seq.*; *E.E.O.C. v. Peabody Western Coal
10 Co.*, *supra*, 610 F. 3d at 1078; *Pit River Home & Agric. Co-op Ass'n v. United States*,
11 *supra*, 30 F. 3d at 1098.

12     Personal jurisdiction is a threshold issue, and therefore bears on whether
13 the counterclaimant will be permitted to argue the merits of the case to the court.
14 FRCP 12(b)(2). In contract cases, the Court must consider whether the
15 counterdefendant "purposefully availed itself of the privilege of conducting activities"
16 or "consummated [a] transaction" in the forum..." *Yahoo! Inc. v. La Ligue Contre Le
17 Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006)

> A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there. By taking such actions, a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In return for these "benefits and protections," a defendant must—as a quid pro quo—"submit to the burdens of litigation in that forum." *Burger King,* 471 U.S. at 476, 105 S.Ct. 2174[.]

27 *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).
28

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4828
415.433.1414

MEMO. IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO JOIN     8.    Case No. 2:17-cv-05124-DMG-SK

In this action, however, Antoneles did not purposely avail himself to the forum by conducting any activities here nor did he consummate any transactions here. Antoneles executed his guarantee in New York. (Bannon Decl. at 2). Antoneles is not a party to the underlying contract, only the guarantee. Thus, none of his actions were "felt" in California. Accordingly, there is no basis upon which this Court can exercise personal jurisdiction over Mr. Antoneles.

As discussed above, Bannon will be subject to great harm and prejudice by the threat of liability for debt owed by Antoneles without his inclusion as an indispensable party to this action. Jurisdiction exists elsewhere — where the both Ferro and Antoneles have conducted business — so Ferro still has a forum through which to attempt to recover his alleged losses. *Paiute-Shoshone Indians of Bishop Community of Bishop Colony, Calif.*, *supra*, 637 F. 3d at 1000.

Accordingly, all of the grounds exist upon which this Action must be dismissed under FRCP 19(b). Mr. Antoneles is an indispensable party to this Action, whose joinder is not feasible for lack of personal jurisdiction. As a result, this Court cannot allow the counterclaim to proceed in equity and good conscience and must order dismissal under FRCP 19(b).

**C. If The Court Concludes That It Has Jurisdiction Over Antoneles, He Must Be Joined As A Counterdefendant.**

If the joinder of Antoneles is feasible, he must be joined as a counterdefendant.

Rule 19(a)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction *must be joined as a party* if ... (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4828
415.433.1414

MEMO. IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO JOIN    9.    Case No. 2:17-cv-05124-DMG-SK

        double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(l) (emphasis added). Rule 19(a)(l) applies to persons who have an interest in the subject matter of an action in which they have not been named as parties. The Rule recognizes the importance of protecting non-parties, such as Antoneles, from the possibility of prejudice that might result if their interests are adjudicated in their absence. *See* Rule 19(a)(l)(B)(i); *Aguilar v. Los Angeles County*, 751 F.2d 1089, 1093 (9th Cir. 1985). The Rule also protects the existing named parties, such as Bannon, by allowing him to avoid the prospect of liability for any debt owed by Antoneles, *i.e.,* the double obligation sought by Ferro. *See* Rule 19(a)(1)(B)(ii).

        Where either of these clauses is applicable, the Rule mandates joinder of the absent party. Here, they both apply. Accordingly, if the Court determines that Antoneles has sufficient contacts with California such that his joinder is feasible, his joinder as a counterdefendant is mandatory.

## IV.   CONCLUSION

        Based on the foregoing, Drone USA respectfully requests that the Court dismiss Ferro's Counterclaim due to the unavailability of indispensable party Antoneles. Should the Court find that it has jurisdiction over Antoneles, the Court must compel his joinder.

Dated: September 1, 2017

                                          */s/  Ronald D. Arena*
                                          RONALD D. ARENA
                                          ARENA HOFFMAN LLP
                                          Attorneys for Plaintiff and Counterdefendant
                                          DRONE USA, INC.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4828
415.433.1414

MEMO. IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO JOIN    10.    Case No. 2:17-cv-05124-DMG-SK