UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-5124-DMG (SKx)** | Date | March 8, 2018 |
| Title | *Drone USA, Inc. v. Paulo Ferro* | Page | 1 of 7 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE COUNTER-DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY [23][26]**

On July 12, 2017, Plaintiff Drone USA, Inc. ("Drone") filed a Complaint against Defendant and Counter-Claimant Paulo Ferro ("Ferro"), asserting the following causes of action: (1) violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*; (2) violation of the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq.*; (3) breach of contract; (4) breach of implied covenant of good faith and fair dealing; and (5) unfair competition, Cal. Bus. & Prof. Code § 17200 *et seq.* [Doc. # 1.] On July 31, 2017, Ferro filed an Answer, which names as Counter-Defendants Drone; Michael Bannon ("Bannon"); and TCA Global Credit Master Fund, LP ("TCA Fund"), and raises the following counterclaims: (1) breach of written contract; (2) violation of California Labor Code sections 201 and 203; (3) breach of guaranty; (4) libel per se; and (5) intentional interference with contract.[1] [Doc. # 11.]

On September 1, 2017, Drone filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(7) that seeks the following relief: (1) the dismissal of Ferro's counterclaims for failure to join an indispensable party, or (2) the compelled joinder of Dennis Antoneles. [Doc. # 23.] On September 22, 2017, Bannon filed a motion seeking the same relief.[2] [Doc. # 26.] The motions have since been fully briefed. [Doc. ## 31, 39.]

For the reasons discussed below, the Court **DENIES** Drone's and Bannon's motions.

---

[1] On February 1, 2018, Ferro's claim against TCA Fund was dismissed without prejudice due to lack of personal jurisdiction. [Doc. # 44.]

[2] Because Drone's and Bannon's respective motions are nearly identical, this Order cites only Drone's motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-5124-DMG (SKx)** | Date | March 8, 2018 |
| Title | *Drone USA, Inc. v. Paulo Ferro* | Page | 2 of 7 |

## I.
## FACTUAL BACKGROUND

Ferro is a citizen of California and a resident of Los Angeles County. Answer at 7.[3] Drone is a business entity that was formed for the purpose of upgrading and selling unmanned aerial vehicles. *See id.* at 7–9. It is incorporated under the laws of Delaware and has its principal place of business in New York.[4] *See* Bannon Decl. at ¶ 2 [Doc. # 23-2]. Bannon, a citizen of Connecticut, is the Chairman and Chief Executive Officer of Drone. *See* Answer at 7, 9–10. Antoneles resides in New York and is Drone's former Chief Financial Officer. *See* Bannon Decl. at ¶ 3 [Doc. # 23-2].

On or about July 10, 2016, Drone and Ferro executed a written employment agreement under which Drone agreed to employ Ferro as its Chief Strategy Officer for a three-year term at an annual salary of $400,000, along with other forms of compensation and benefits. *See* Answer at 8. The agreement also provides that it "shall be construed and interpreted in accordance with the laws of the State of California without reference to principles of conflicts of laws[,]" and that "[t]he parties agree that all actions or proceedings arising in connection with [the agreement] shall be tried and litigated only in the State or Federal Courts located in the State of California." *See id.* at 22.

The agreement includes a provision requiring Bannon and Antoneles to guarantee certain obligations imposed by the contract. Specifically, the agreement provides in pertinent part:

> 12. Corporate Guarantee
>
> The undersigned Michael Bannon and Dennis Antoneles hereby personally and unconditionally guarantee and promise to pay or perform any and all obligations listed above for two full years. Mike and Dennis will share the personal guarantee 50-50. Drone USA Inc. hereby unconditionally guarantees and promises to pay or perform any and all obligations listed above for the remaining 3rd year. When [Ferro] cashes in his stock, Mike and Dennis' guarantee obligation will reduce dollar for dollar [sic].

---

[3] All page references herein are to page numbers inserted by the CM/ECF filing system.

[4] In their omnibus reply, Drone and Bannon assert that after the instant motions were filed, Drone relocated its principal place of business to Connecticut. *See* Reply at 7 n.1. That fact has no bearing on the Court's ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-5124-DMG (SKx)** | Date | March 8, 2018 |
|---|---|---|---|
| Title | *Drone USA, Inc. v. Paulo Ferro* | Page | 3 of 7 |

*Id.* at 23.

Ferro signed the agreement on the line under the "EMPLOYEE" heading. Bannon signed the agreement in his capacity as Chairman of the Board and CEO, and as a guarantor. *See id.* Antoneles also signed the agreement as a guarantor. *See id.*

On July 7, 2017, Drone sent Ferro a letter that stated that his employment was being terminated for cause. *See id.* at 11. Ferro received his final paycheck from the Company on July 7, 2017. *See id* at 20.

## II.
## LEGAL STANDARD

A defendant may seek dismissal of an action for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). To analyze a Rule 12(b)(7) motion, a court must undertake a three-part analysis: (1) it must first determine whether an absentee is "necessary" to the suit; (2) if the absentee is a necessary party, then the court must determine whether joinder is feasible; and (3) if joinder is infeasible, then the court must determine whether the necessary party is "indispensable" such that in "equity and good conscience" the suit should be dismissed. *See* Fed. R. Civ. P. 19(a)–(b); *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). The inquiry "is a practical one and fact specific." *Makah Indian Tribe*, 910 F.2d at 558. "The moving party has the burden of persuasion in arguing for dismissal." *Id.*

An absentee is a "necessary" party if one of two conditions in Rule 19(a) are satisfied. *See* Fed. R. Civ. P. 19(a); *Makah*, 910 F.2d at 558. First, an absentee is a necessary party if complete relief cannot be afforded among the existing parties without that person. Fed. R. Civ. P. 19(a)(1)(A). Second, an absent party is necessary if it has a legally protected interest in the suit and: (1) that interest will be impaired or impeded by the suit, or (2) an existing party will suffer a substantial risk of inconsistent obligations if the absent party is not joined. *See* Fed. R. Civ. P. 19(a)(1)(B); *Makah Indian Tribe*, 910 F.2d at 558.

Further, joinder of a necessary party is not feasible in the following circumstances: when venue is improper, when the necessary party is not subject to the court's personal jurisdiction, and when joinder would destroy subject matter jurisdiction. *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005).

Lastly, if a party is necessary and joinder is not feasible, then the court must determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *See* Fed. R. Civ. P. 19(b). The relevant factors include:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-5124-DMG (SKx)** | Date | March 8, 2018 |
| Title | *Drone USA, Inc. v. Paulo Ferro* | Page | 4 of 7 |

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

    (A) protective provisions in the judgment;
    (B) shaping the relief; or
    (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.* An absentee is determined to be "indispensable" when that person "[']cannot be made a party and, upon consideration of the factors [in Rule 19(b)], it is determined that in [that person's] absence it would be preferable to dismiss the action, rather than to retain it.'" *Peabody*, 400 F.3d at 780 (quoting Fed. R. Civ. P. 19(b) advisory committee's note (1966)).

### III.
### DISCUSSION

Drone and Bannon argue that all of Ferro's counterclaims must be dismissed because Antoneles is an indispensable party. *See* Mot. at 2; Proposed Order at 2 [Doc. # 23-3].[5] Drone and Bannon assert that Antoneles is a necessary party because: (1) Drone, Bannon, and Ferro cannot obtain complete relief without Antoneles' joinder; and (2) Bannon and Antoneles may be severely prejudiced if Antoneles is not named as a counter-defendant. *See* Mot. at 6–7. For the reasons discussed *infra*, the Court concludes that Drone and Bannon have failed to show that Antoneles is a necessary party, let alone an indispensable one.

**A.    The Court Can Accord Complete Relief Among the Existing Parties**

The first prong of the necessary party analysis is concerned only with "relief as between the persons already parties, not as between a party and the absent person whose joinder is

---

[5] Although only one of Ferro's counterclaims alleges a breach of the guaranty, Drone's and Bannon's proposed order inexplicably requests the dismissal of all claims against Counterdefendants Drone USA, Inc., Michael Bannon and TCA Global Credit Master Fund, LP "with prejudice and without leave to amend." *See* Proposed Order at 2 [Doc. # 23-3]. Counterdefendants overstate their case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-5124-DMG (SKx)** | Date | March 8, 2018 |
| Title | *Drone USA, Inc. v. Paulo Ferro* | Page | 5 of 7 |

sought." *Eldredge v. Carpenters 46 N. Cal. Ctys. Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981) (quoting 3A Moore's Federal Practice at 19-128 (2d ed. 1980)). In conducting this analysis, courts ask whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004).

Drone and Bannon argue that "[a]lthough neither Bannon nor Antoneles is a party to the underlying agreement between Drone and Ferro, they [(Bannon and Antoneles)] each agreed to guarantee 50% of Drone's financial obligations." *See* MTD at 2. Yet, because Ferro is seeking to recover the "full amount" of the "wages and penalties associated with the guarantee" from Bannon, "the Court cannot afford complete relief on Ferro's . . . claims without the presence of Antoneles." *See id.*

To determine the effect of Antoneles' absence, the Court must first ascertain the nature of Antoneles' and Bannon's potential liability under California law. An obligor is severally liable under a contract if that person promises performance separate from that promised by other parties to the contract. *See DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 820–23 (2015). On the other hand, "[a]t common law, when multiple parties promised the same performance, they were presumed to be jointly obligated absent a clear indication otherwise." *Id.* at 820. The state legislature, however, "implicitly rejected [the common law approach to joint liability] in adopting the presumption that contractual obligations are joint and several" whenever more than one party promises the same performance. *See id.* at 820, 823 (citing Cal. Civ. Code §§ 1659–60). "Parties to a joint and several contract are . . . bound jointly, so that they are liable for the entire obligation, and severally, so that each may be sued separately for the entire loss." *Id.* at 820.

If Drone's and Bannon's assertion that Bannon is liable for only 50% of Drone's obligations is correct, then Bannon and Antoneles are each severally liable for only 50% of the obligations imposed by the guaranty. *See DKN*, 61 Cal. 4th at 820–23. In that case, Antoneles' absence does not bar Ferro from obtaining complete relief as between him and Bannon—*i.e.*, 50% of Drone's obligations. Moreover, should Ferro desire to obtain the other 50% from Antoneles, California law permits Ferro to do so in a separate suit. *See id.* at 823 (holding that "allowing separate suits against obligors" is "the very nature of several liability"). If the agreement instead permits Ferro to hold either Bannon or Antoneles liable for the entirety of Drone's financial obligations, then Bannon and Antoneles are presumptively jointly and severally liable on the guaranty. *See id.* at 820, 823. Under those circumstances, Ferro may obtain complete relief from Bannon. *See id.* at 820. Either way, Anotoneles' non-joinder does not affect any party's ability to obtain "relief as between the persons already parties . . . ." *See Eldredge*, 662 F.2d at 537 (quoting 3A Moore's Federal Practice at 19-128 (2d ed. 1980)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-5124-DMG (SKx)** | Date | March 8, 2018 |
|---|---|---|---|
| Title | *Drone USA, Inc. v. Paulo Ferro* | | Page 6 of 7 |

Drone and Bannon nonetheless contend that the Ninth Circuit's decision in *United States v. Elfer*, 246 F.2d 941 (9th Cir. 1957), compels the opposite conclusion. *See* Mot. at 7–8. In *Elfer*, the federal government sought to collect overpayments in allowances remitted to a former wife of a naval servicemember. *See Elfer*, 246 F.2d at 942–43. The Ninth Circuit held that under Washington law, the servicemember and his former wife were jointly—and not jointly and severally—liable for the overpayments because when they were made, the money constituted community property. *See Elfer*, 246 F.2d at 943–46. The court affirmed the dismissal of the action pursuant to Rule 19 because at that time, the Rule provided that "persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants." *See id.* at 946 (quoting Fed. R. Civ. P. 19(a) (1937)).

*Elfer* is of no assistance to Drone and Bannon. They do not assert that Bannon and Antoneles had a relationship akin to that of a husband and a wife such that the two would be jointly liable on the guaranty. *See* Mot. at 7–8. Nor do they otherwise explain why Bannon and Antoneles should be considered jointly liable notwithstanding *California*'s presumption that the two of them are deemed jointly and severally liable if they promised the same performance. *See id.*; *DKN*, 61 Cal. 4th at 820, 823. Moreover, Rule 19 does not require Antoneles' joinder simply because he may have a joint interest with Bannon in the guaranty. After *Elfer* was decided, Rule 19 was amended to remove the language requiring the joinder of persons having a joint interest. *See* Fed. R. Civ. P. 19 advisory committee's note (1966) ("[t]he use of 'indispensable' and 'joint interest' in the context of original Rule 19 directed attention to the technical or abstract character of the rights or obligations of the persons whose joinder was in question, and correspondingly distracted attention from the pragmatic considerations which should be controlling").

Therefore, complete relief can be granted to the existing parties without the presence of Antoneles.

**B.      Antoneles Has Not Claimed a Legally Protected Interest that Would Be Impaired or Impeded or That Risks Subjecting Drone and/or Bannon to Inconsistent Obligations**

Under Rule 19(a)(1)(B), an absentee's status as a necessary party hinges on whether that person claims "a *legally protected interest* in the suit." *See Makah Indian Tribe*, 910 F.2d at 558 (emphasis in original); Fed. R. Civ. P. 19(a)(1)(B). Such an interest needs to be more than "a financial stake, and more than speculation about a future event." *Makah Indian Tribe*, 910 F.2d at 558 (citation omitted) (citing *N. Alaska Envtl. Ctr. v. Hodel*, 803 F.2d 466, 468 (9th Cir. 1986); *McLaughlin v. Int'l Ass'n of Machinists*, 847 F.2d 620, 621 (9th Cir. 1988)). "Under some circumstances, an absent party's contract rights may give it a legally protected interest in an action." *Ward v. Apple Inc.*, 791 F.3d 1041, 1053 (9th Cir. 2015). In particular, "all parties to a contract are necessary in an action to set aside the contract" and "an absent party may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-5124-DMG (SKx)** | Date | March 8, 2018 |
| Title | *Drone USA, Inc. v. Paulo Ferro* | Page | 7 of 7 |

required in an action seeking equitable relief that would prevent a defendant from fulfilling 'substantial' contractual obligations to the absent party." *See id.* On the other hand, an absentee does not have a legally protected interest in the action simply because it "implicates [that] party's contract rights." *See id.*

There is no indication that Antoneles has claimed any interest in the proceedings. Further, Ferro does not seek to set aside any provision of the agreement or prevent Bannon from fulfilling an obligation to Antoneles—to the contrary, he seeks to enforce it. *See* Answer at 17–18 (seeking damages, penalties, and other monetary relief). Drone and Bannon nonetheless argue that "an adverse ruling here on the claim to enforce the guarantee [would] pragmatically impair Antoneles' subsequent ability to challenge the enforceability of the guarantee and the amounted owed to Ferro, if any." *See* Reply at 5. This assertion is meritless because "all defenses remain available to a co-obligor in a later suit, including those rejected in the first suit, because the co-obligor was not a party to the earlier proceedings and thus is not bound by it." *See DKN*, 61 Cal. 4th at 828.

Furthermore, Bannon does not identify any "risk of incurring double, multiple, or otherwise inconsistent obligations" resulting from Antoneles' co-guarantor status. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). Further, even if Bannon is held liable to Ferro for the entirety of Drone's financial obligations, Bannon can seek contribution from Antoneles. *See Overholser v. Glynn*, 267 Cal. App. 2d 800, 807 (1968) (holding that "coguarantors who are jointly and severally liable" may seek contribution from each other). Therefore, Drone and Bannon have failed to establish that Antoneles is a necessary party.

## IV.
## CONCLUSION

In light of the foregoing, Drone's and Bannon's motions are **DENIED**. Drone and Bannon shall file their respective answers to Ferro's counterclaims **within 15 days** of the date of this Order.

**IT IS SO ORDERED.**